UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BANK OF MONTREAL,

                      Plaintiff,

   -against-

OPTIONABLE, INC., MF GLOBAL INC.,
KEVIN P. CASSIDY, EDWARD J. O'CONNOR
MARK A. NORDLICHT, RYAN B.
WOODGATE, SCOTT CONNOR, and
JOSEPH D. SAAB,

                      Defendants.
------------------------------------------------------------X

No. 1:09-cv-07557 (GBD)

## MEMORANDUM OF LAW IN SUPPORT OF
## MARK NORDLICHT'S MOTION TO DISMISS
## SCOTT CONNOR'S CROSS-CLAIMS

Eliot Lauer
Jason Gottlieb
Rachael R. Yocum
**CURTIS, MALLET-PREVOST, COLT
 & MOSLE LLP**
101 Park Avenue
New York, New York  10178-0061
Tel:  (212) 696-6000
Fax:  (212) 697-1559

*Attorneys for Defendant Mark Nordlicht*

Defendant Mark Nordlicht respectfully submits this memorandum of law in support of his motion to dismiss the cross-claims filed against him by Scott Connor.

## ARGUMENT

Scott Connor agrees that the Complaint filed by the Bank of Montreal ("BMO") is fatally flawed. Thus he joined the motion by Optionable, Inc. to dismiss the Complaint in its entirety, a motion that Nordlicht incorporates as well. Thus, there is no dispute between Nordlicht and Connor as to the proper disposition of the Complaint in this case. The BMO Complaint should be dismissed with prejudice, particularly as against Nordlicht, as it fails to allege a single fact suggesting that Nordlicht had actual knowledge of, or substantial participation in, the alleged fraud or breach of fiduciary duty he was purported to have aided or abetted. *See Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292-93 (2d Cir. 2006); *Rosner v. Bank of China*, No. 06 CV 13652, 2008 WL 5416380, at *5 (S.D.N.Y. Dec. 18, 2008); *Mazzaro de Abreu v. Bank of America Corp.*, 525 F. Supp. 2d 381, 394 (S.D.N.Y. 2007).

Connor also cross-claims against Nordlicht (and every other defendants) for indemnification and contribution. Nordlicht is not in a position to comment on the merits of Connor's claims against any other defendant. But as to Nordlicht, Connor has added not a single independent factual allegation to a BMO complaint that both he and Nordlicht view as totally devoid of facts that could support a claim. There are no independent facts alleged as against Nordlicht that connect Nordlicht to any wrongdoing. And Connor provides no factual allegations as to why indemnification by or contribution from Nordlicht personally would be appropriate. No contract is alleged, and Connor is not entitled to be indemnified by Nordlicht merely because Nordlicht was Chairman of the Board of Directors at a relevant time. *See, e.g., Overton v. Todman & Co.*, No. 05 Civ. 7956 (DAB), 2009 U.S. Dist. LEXIS 90864, at *11

(S.D.N.Y. Sept. 24, 2009) (motion to dismiss third-party claim for indemnification granted with prejudice where third-party plaintiff alleged neither the existence of a contract with third-party defendant that would provide indemnification, nor any special relationship or duty to indemnify); *Sotheby's Financial Services, Inc. v. Baran*, 00 Civ. 7897 (BSJ), 2003 U.S. Dist LEXIS 13079, at *14 (July 29, 2003) (same).

Thus, Connor's cross-claims as against Nordlicht should be dismissed. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

## CONCLUSION

For the reasons stated above, the cross-claims against Nordlicht should be dismissed with prejudice.

Dated: New York, New York
       December 23, 2009

                CURTIS, MALLET-PREVOST,
                COLT & MOSLE LLP

                By: ___/s/ Eliot Lauer_____
                     Eliot Lauer
                     Jason Gottlieb
                     Rachael R. Yocum
              101 Park Avenue
              New York, New York  10178-0061
              Tel: (212) 696-6000
              Fax: (212) 697-1559

              *Attorneys for Defendant Mark Nordlicht*