UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BANK OF MONTREAL,

                Plaintiff,

  -against-

OPTIONABLE, INC., MF GLOBAL INC.,
KEVIN P. CASSIDY, EDWARD J. O'CONNOR
MARK A. NORDLICHT, RYAN B.
WOODGATE, SCOTT CONNOR, and
JOSEPH D. SAAB,
                Defendants.
-----------------------------------------------------------X

No. 1:09-cv-07557 (GBD)

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MARK NORDLICHT'S MOTION TO DISMISS SCOTT CONNOR'S CROSS-CLAIMS

Eliot Lauer
Jason Gottlieb
Rachael R. Yocum
**CURTIS, MALLET-PREVOST, COLT
& MOSLE LLP**
101 Park Avenue
New York, New York  10178-0061
Tel:  (212) 696-6000
Fax:  (212) 697-1559

*Attorneys for Defendant Mark Nordlicht*

Defendant Mark Nordlicht respectfully submits this reply memorandum of law in support of his motion to dismiss the cross-claims filed against him by Scott Connor.

## ARGUMENT

There continues to be no dispute between Nordlicht and Connor as to the proper disposition of the Complaint in this case. Both agree that the Complaint filed by the Bank of Montreal ("BMO") is fatally flawed and should be dismissed against all defendants. The dispute relevant to this motion is whether Connor's cross-claims against Nordlicht personally for indemnification or contribution should be dismissed. They clearly should be.

As argued previously, Connor's cross-claims allege no contract upon which indemnification would be based, and Connor is not entitled to be indemnified by Nordlicht merely because Nordlicht was Chairman of the Board of Directors at a relevant time. *See, e.g., Overton v. Todman & Co.*, No. 05 Civ. 7956 (DAB), 2009 U.S. Dist. LEXIS 90864, at *11 (S.D.N.Y. Sept. 24, 2009); *Sotheby's Financial Services, Inc. v. Baran*, 00 Civ. 7897 (BSJ), 2003 U.S. Dist LEXIS 13079, at *14 (July 29, 2003).

Connor's response to Nordlicht's motion to dismiss provides only one new assertion: that "any actions" Connor took were at the direction of his "superiors" at Optionable. This statement does not even approach a specific allegation that Nordlicht personally had anything to do with any action Connor took. It clumps Nordlicht together with anyone else who may have been Connor's "superior" at Optionable, and claims that they all directed "any" of Connor's actions. *See 380544 Canada, Inc. v. Aspen Technology, Inc.*, 544 F. Supp. 2d 199, 218 (S.D.N.Y. 2008).[1] This statement – that all defendants directed Connor in all actions he took

---

[1] Moreover, this statement, which is not contained in Connor's cross-claim, cannot be considered as part of that cross-claim: allegations made in a response to a motion to dismiss do not serve to amend the complaint. *See Lorentzen v. Curtis*, 18 F.Supp.2d 322, 328 (S.D.N.Y. 1998).

during his employment – is not even plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). It certainly cannot sustain a complaint against Nordlicht personally.

For the reasons detailed in Nordlicht's motion to dismiss BMO's complaint against Nordlicht, that complaint should be dismissed with prejudice. Such a dismissal would remove Nordlicht from this case entirely – but for Connor's conclusory cross-claims. It would be manifestly unfair to force Nordlicht to participate in this case if the only reason he remains is Connor's cross-claims, which fail to make any specific allegations against Nordlicht whatsoever.

## CONCLUSION

For the reasons stated above, the cross-claims against Nordlicht should be dismissed.

Dated: New York, New York
January 19, 2009

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By: /s/ Eliot Lauer
Eliot Lauer
Jason Gottlieb
Rachael R. Yocum
101 Park Avenue
New York, New York  10178-0061
Tel: (212) 696-6000
Fax: (212) 697-1559

*Attorneys for Defendant Mark Nordlicht*

2