UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
BANK OF MONTREAL,                                       :
                                                       :   09-CV-7557 (GBD) (JLC)
                                        Plaintiff,      :
                                                       :
                    -against-                           :
                                                       :   **ANSWER**
OPTIONABLE, INC., MF GLOBAL INC.,                      :
KEVIN P. CASSIDY, EDWARD J.                            :
O'CONNOR, MARK A. NORDLICHT, RYAN                      :
B. WOODGATE, SCOTT CONNOR and                         :   **JURY TRIAL DEMANDED**
JOSEPH D. SAAB,                                        :
                                                       :
                                       Defendants.     :
---------------------------------------------------------- X

        Defendant Mark Nordlicht ("Nordlicht"), for his answer to the Complaint

("Complaint"), denies each and every allegation therein, except as follows:

                    **AS TO THE "NATURE OF ACTION"**

        1.      Denies the allegations in paragraph 1 of the Complaint.

        2.      Denies the allegations in paragraph 2 of the Complaint.

        3.      Denies the allegations in paragraph 3 of the Complaint.

                          **AS TO THE "PARTIES"**

        4.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 4 of the Complaint.

        5.      Admits the allegations in paragraph 5 of the Complaint.

        6.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 6 of the Complaint.

        7.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.      Denies the allegations in paragraph 9 of the except to admit that Mark Nordlicht is a shareholder of Optionable and at certain times was the non-executive Chairman of Optionable's Board of Directors.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

13.     Paragraph 13 states a legal conclusion as to which no response is required because questions of law are referred to the Court.

14.     Paragraph 14 states a legal conclusion as to which no response is required because questions of law are referred to the Court.

15.     Paragraph 15 states a legal conclusion as to which no response is required because questions of law are referred to the Court.

## AS TO "FACTUAL BACKGROUND," "OPTIONABLE AND ITS BUSINESS"

16.     Denies the allegations in paragraph 16 of the Complaint.

17.     Denies the allegations in paragraph 17 of the Complaint.

18.     Denies the allegations in paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

## AS TO "DEFENDANTS' MANIPULATION OF BMO'S COMMODITY DERIVATIVES VALUATION PROCEDURES FROM 2003 ONWARD"

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25.     Denies the allegations in paragraph 25 of the Complaint as to Optionable, except to admit that Optionable provided brokerage services, including to BMO, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint as to MF Global.

26.     Denies the allegations in paragraph 26 of the Complaint as to Optionable, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint as to MF Global.

27.     Denies the allegations in paragraph 27 of the Complaint.

(a)     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in subparagraph "a."

(b)     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in subparagraph "b."

(c)     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in subparagraph "c."

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29.     Denies the allegations in paragraph 29 of the Complaint.

30.     Denies the allegations in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and refers to the referenced communication for the contents thereof.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and refers to the referenced communication for the contents thereof.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and refers to the referenced communication for the contents thereof.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and refers to the referenced communication for the contents thereof.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and refers to the referenced communication for the contents thereof.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, and refers to the referenced communication for the contents thereof.

37.     Denies the allegations in paragraph 37 of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, and refers to the referenced communication for the contents thereof.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, and refers to the referenced communication for the contents thereof.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, and refers to the referenced communication for the contents thereof.

41.     Denies the allegations in paragraph 41 of the Complaint.

42.     Denies the allegations in paragraph 42 of the Complaint.

43.     Denies the allegations in paragraph 43 of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, and refers to the referenced communication for the contents thereof.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint, and refers to the referenced communication for the contents thereof.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, and refers to the referenced communication for the contents thereof.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, and refers to the referenced communication for the contents thereof.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and refers to the referenced communication for the contents thereof.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint, and refers to the referenced communication for the contents thereof.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, and refers to the referenced communication for the contents thereof.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and refers to the referenced communication for the contents thereof.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint, and refers to the referenced communication for the contents thereof.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint, and refers to the referenced communication for the contents thereof.

55.     Denies the allegations in paragraph 55 of the Complaint.

### AS TO "OPTIONABLE'S REVENUE FROM TRADES WITH BMO"

56.     Denies the allegations in paragraph 56 of the Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60.     Denies the allegations in paragraph 60 of the Complaint.

### AS TO "OPTIONABLE AND CASSIDY'S PROVISION OF PERSONAL BENEFITS TO LEE AND MOORE"

61.     Denies the allegations in paragraph 61 of the Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint and each of its subparts.

### AS TO "BMO'S DISCOVERY OF VALUATION ISSUES"

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint.

## AS TO "MOORE AND LEE'S CAMPAIGN TO DISCREDIT TOTEM FROM LATE 2006 TO EARLY 2007"

72.     Denies the allegations in paragraph 72 of the Complaint.

73.     Denies the allegations in paragraph 73 of the Complaint.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint and refers to the press release described therein for the contents thereof.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint, and refers to the communication described therein for the contents thereof.

76.     Refers to the Agreement described therein for the contents thereof.

77.     Denies the allegations in paragraph 77 of the Complaint

## AS TO "LEE'S EXECUTION OF TRADES TO CONCEAL INCREASED RISK IN THE NATURAL GAS OPTIONS BOOK"

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint.

## AS TO "LEE'S EXECUTION OF THE EOO TRADES"

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint.

83.     Denies the allegations in paragraph 83 of the Complaint.

84.     Denies the allegations in paragraph 84 of the Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint.

### AS TO "OPTIONABLE AND ITS ALLIES' PARTICIPATION IN THE EOO TRADES"

88.     Denies the allegations in paragraph 88 of the Complaint.

89.     Denies the allegations in paragraph 89 of the Complaint.

90.     Denies the allegations in paragraph 90 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the truth about the addresses of the Huberfeld-Bodner Partnership, Fenmore, or Bromley, or the allegations about Bromley employee David Boim, and to admit that Platinum Management (NY), LLC is the General Partner of Platinum Partners Value Arbitrage Fund, LP, and that Nordlicht is the Managing Partner of Platinum Management (NY), LLC.

91.     Denies the allegations in paragraph 91 of the Complaint.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint, but denies that Nordlicht committed any wrongdoing.

### AS TO "MOORE'S KNOWLEDGE OF, AND FAILURE TO STOP LEE FROM ENTERING INTO ADDITIONAL, EOO TRADES"

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Complaint.

**AS TO "MASSIVE LOSSES ARE REVEALED IN APRIL 2007"**

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Complaint.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint.

**AS TO "BMO'S DISOVERY OF THE EOO TRADES"**

99.     Denies the allegations in paragraph 99 of the Complaint.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint.

103.    Refers to the communication referenced in paragraph 103 of the Complaint for the contents thereof.

104.    Denies the allegations in paragraph 104 of the Complaint, except admits that Cassidy ceased being CEO of Optionable in May, 2007.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint, and refers to the referenced announcement for the contents thereof.

107.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint.

### AS TO "BMO DISCOVERS THE CIRCULAR QUOTES"

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Complaint.

109.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Complaint.

110.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Complaint, and refers to the referenced report for the contents thereof.

### AS TO "LEE'S GUILTY PLEA AND THE GOVERNMENT PROCEEDINGS"

111.    Denies the allegations in paragraph 111 of the Complaint as to Nordlicht.

112.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Complaint

113.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the Complaint, and refers to referenced document for the contents thereof.

114.    Refers to the document(s) referenced in paragraph 114 of the Complaint for the contents thereof.

115.    Refers to the document(s) referenced in paragraph 115 of the Complaint for the contents thereof.

116.    Refers to the document(s) referenced in paragraph 116 of the Complaint for the contents thereof.

## AS TO "COUNT I: FRAUD (AGAINST OPTIONABLE, MF GLOBAL, CASSIDY, O'CONNOR, WOODGATE, CONNOR, AND SAAB)"

117.    Repeats the foregoing responses of the Answer as if fully set forth herein, noting that this count is not alleged regarding Nordlicht.

118.    Denies the allegations in paragraph 118 of the Complaint, noting that this count is not alleged regarding Nordlicht.

119.    Denies the allegations in paragraph 119 of the Complaint, noting that this count is not alleged regarding Nordlicht.

120.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the Complaint, noting that this count is not alleged regarding Nordlicht.

121.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the Complaint, noting that this count is not alleged regarding Nordlicht.

122.    Denies the allegations in paragraph 122 of the Complaint, noting that this count is not alleged regarding Nordlicht.

123.    Denies the allegations in paragraph 123 of the Complaint, noting that this count is not alleged regarding Nordlicht.

124.    Denies the allegations in paragraph 124 of the Complaint, noting that this count is not alleged regarding Nordlicht.

125.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the Complaint, noting that this count is not alleged regarding Nordlicht.

126.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the Complaint, noting that this count is not alleged regarding Nordlicht.

127.    Denies the allegations in paragraph 127 of the Complaint, noting that this count is not alleged regarding Nordlicht.

128.    Denies the allegations in paragraph 128 of the Complaint, noting that this count is not alleged regarding Nordlicht.

129.    Denies the allegations in paragraph 129 of the Complaint, noting that this count is not alleged regarding Nordlicht.

130.    Denies the allegations in paragraph 130 of the Complaint, noting that this count is not alleged regarding Nordlicht.

131.    Denies the allegations in paragraph 131 of the Complaint, noting that this count is not alleged regarding Nordlicht.

132.    Denies the allegations in paragraph 132 of the Complaint, noting that this count is not alleged regarding Nordlicht.

133.    Denies the allegations in paragraph 133 of the Complaint, noting that this count is not alleged regarding Nordlicht.

134.    Denies the allegations in paragraph 134 of the Complaint, noting that this count is not alleged regarding Nordlicht.

**AS TO "COUNT II:**
**NEGLIGENT MISREPRESENTATION**
**(AGAINST OPTIONABLE, MF GLOBAL, CASSIDY, O'CONNOR, WOODGATE,**
**CONNOR, AND SAAB)"**

135.    Repeats the foregoing responses of the Answer as if fully set forth herein, noting that this count is not alleged regarding Nordlicht.

136.    Denies the allegations in paragraph 136 of the Complaint, noting that this count is not alleged regarding Nordlicht.

137.    Denies the allegations in paragraph 137 of the Complaint, noting that this count is not alleged regarding Nordlicht.

138.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the Complaint, noting that this count is not alleged regarding Nordlicht.

139.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the Complaint, noting that this count is not alleged regarding Nordlicht.

140.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 of the Complaint, noting that this count is not alleged regarding Nordlicht.

141.    Denies the allegations in paragraph 141 of the Complaint, noting that this count is not alleged regarding Nordlicht.

142.    Denies the allegations in paragraph 142 of the Complaint, noting that this count is not alleged regarding Nordlicht.

143.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 of the Complaint, noting that this count is not alleged regarding Nordlicht.

144.     Denies the allegations in paragraph 144 of the Complaint, noting that this count is not alleged regarding Nordlicht.

145.     Denies the allegations in paragraph 145 of the Complaint, noting that this count is not alleged regarding Nordlicht.

146.     Denies the allegations in paragraph 146 of the Complaint, noting that this count is not alleged regarding Nordlicht.

147.     Denies the allegations in paragraph 147 of the Complaint, noting that this count is not alleged regarding Nordlicht.

148.     Denies the allegations in paragraph 148 of the Complaint, noting that this count is not alleged regarding Nordlicht.

149.     Denies the allegations in paragraph 149 of the Complaint, noting that this count is not alleged regarding Nordlicht.

150.     Denies the allegations in paragraph 150 of the Complaint, noting that this count is not alleged regarding Nordlicht.

151.     Denies the allegations in paragraph 151 of the Complaint, noting that this count is not alleged regarding Nordlicht.

### AS TO "COUNT III: AIDING AND ABETTING FRAUD (AGAINST ALL DEFENDANTS)"

152.     Repeats the foregoing responses of the Answer as if fully set forth herein.

153.     Denies the allegations in paragraph 153 of the Complaint, noting that this paragraph makes no allegation regarding Nordlicht.

154.     Denies the allegations in paragraph 154 of the Complaint, noting that this paragraph makes no allegation regarding Nordlicht.

155.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 of the Complaint, noting that this paragraph makes no allegation regarding Nordlicht.

156.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 of the Complaint, noting that this paragraph makes no allegation regarding Nordlicht.

157.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 of the Complaint, noting that this paragraph makes no allegation regarding Nordlicht.

158.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 of the Complaint, noting that this paragraph makes no allegation regarding Nordlicht.

159.     Denies the allegations in paragraph 159 of the Complaint.

160.     Denies the allegations in paragraph 160 of the Complaint.

161.     Denies the allegations in paragraph 161 of the Complaint.

162.     Denies the allegations in paragraph 162 of the Complaint.

163.     Denies the allegations in paragraph 163 of the Complaint.

164.     Denies the allegations in paragraph 164 of the Complaint.

165.     Denies the allegations in paragraph 165 of the Complaint, but denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding BMO's employment of Lee and/or Moore.

166.     Denies the allegations in paragraph 166 of the Complaint.

167.     Denies the allegations in paragraph 167 of the Complaint.

### AS TO "COUNT IV:
### AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
### (AGAINST ALL DEFENDANTS)"

168.     Repeats the foregoing responses of the Answer as if fully set forth herein.

169.     Paragraph 169 states a legal conclusion as to which no response is required because questions of law are referred to the Court.

170.     Paragraph 170 states a legal conclusion as to which no response is required because questions of law are referred to the Court.

171.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 of the Complaint.

172.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 of the Complaint.

173.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173 of the Complaint.

174.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 of the Complaint.

175.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 of the Complaint.

176.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176 of the Complaint.

177.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 of the Complaint.

178.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178 of the Complaint.

179.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179 of the Complaint.

180.    Denies the allegations in paragraph 180 of the Complaint, noting that this paragraph makes no allegation regarding Nordlicht.

181.    Denies the allegations in paragraph 181 of the Complaint, noting that this paragraph makes no allegation regarding Nordlicht.

182.    Denies the allegations in paragraph 182 of the Complaint.

183.    Denies the allegations in paragraph 183 of the Complaint.

184.    Denies the allegations in paragraph 184 of the Complaint.

185.    Denies the allegations in paragraph 185 of the Complaint.

186.    Denies the allegations in paragraph 186 of the Complaint.

187.    Denies the allegations in paragraph 187 of the Complaint.

188.    Denies the allegations in paragraph 188 of the Complaint.

189.    Denies the allegations in paragraph 189 of the Complaint.

### AS TO "COUNT V:
### BREACH OF CONTRACT
### (AGAINST OPTIONABLE)"

190.    Repeats the foregoing responses of the Answer as if fully set forth herein, noting that this count is not alleged regarding Nordlicht.

191.    Refers to the contents of the document referred to in paragraph 191 of the Complaint for its contents, noting that this count is not alleged regarding Nordlicht.

192.    Denies the allegations in paragraph 192 of the Complaint, noting that this count is not alleged regarding Nordlicht.

193.     Denies the allegations in paragraph 193 of the Complaint, noting that this count is not alleged regarding Nordlicht.

194.     Denies the allegations in paragraph 194 of the Complaint, noting that this count is not alleged regarding Nordlicht.

195.     Denies the allegations in paragraph 195 of the Complaint, noting that this count is not alleged regarding Nordlicht.

196.     Denies the allegations in paragraph 196 of the Complaint, noting that this count is not alleged regarding Nordlicht.

## AFFIRMATIVE DEFENSES / COUNTERCLAIMS / CROSSCLAIMS / THIRD-PARTY CLAIMS

By stipulation so-ordered by the Court on or about September 17, 2010, Nordlicht reserves the right to amend this answer to assert affirmative defenses, counterclaims, crossclaims, and third-party claims until the earliest of (a) 21 days after verdict, plea, or dismissal in *United States v. Cassidy*, No. 08 Cr. 1101 (S.D.N.Y.); (b) 14 clays after the assertion (by filing, motion for leave to file, or otherwise) by any of the defendants of any counterclaim, crossclaim, or third-party claim that had not already been filed as of August 31, 2010; and (c) August 31, 2011.

WHEREFORE, based on the above, Defendant respectfully requests that judgment be entered in its favor.

Dated: New York, New York
　　　　September 27, 2010

CURTIS, MALLET-PREVOST,
　COLT & MOSLE LLP

By: _____/s/ Eliot Lauer_____
　　　Eliot Lauer
　　　Jason Gottlieb
　　　Brian M. White
101 Park Avenue
New York, New York  10178
Tel:  (212) 696-6000
Fax:  (212) 697-1559
Email:  elauer@curtis.com
Email:  jgottlieb@curtis.com
Email:  bwhite@curtis.com

*Attorneys for Defendant Mark Nordlicht*