UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>     Plaintiff,<br><br> -against-<br><br>KEVIN CASSIDY, EDWARD O'CONNOR, OPTIONABLE, INC., DAVID LEE AND ROBERT MOORE,<br><br>     Defendants. | No. 08-CV-09962 (GBD)(JLC)<br><br>ECF FILED |
| CMEG NYMEX HOLDINGS, INC.,<br><br>     Plaintiff,<br><br> -against-<br><br>OPTIONABLE, INC., KEVIN CASSIDY, PIERPONT CAPITAL, INC., EDWARD O'CONNOR, RIDGECREST CAPITAL, INC., and MARK NORDLICHT,<br><br>     Defendants. | No. 09-CV-03677 (GBD)(JLC)<br><br>ECF FILED |
| BANK OF MONTREAL,<br><br>     Plaintiff,<br><br> -against-<br><br>OPTIONABLE, INC., MF GLOBAL INC., KEVIN P. CASSIDY, EDWARD J. O'CONNOR, MARK A. NORDLICHT, RYAN B. WOODGATE, SCOTT CONNOR and JOSEPH D. SAAB,<br><br>     Defendants. | No. 09-CV-07557 (GBD)(JLC)<br><br>ECF FILED |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO WITHDRAW AS COUNSEL OF RECORD

Pursuant to Local Civil Rule 1.4, McCormick & O'Brien, LLP ("M&O") moves this Court for an order granting M&O's withdrawal as counsel of record for Defendant Optionable, Inc. ("Optionable" or "Defendant") in all of the above-captioned cases.

For the reasons set forth below and in the accompanying Declaration of Liam O'Brien, Esq. dated June 27, 2011 ("O'Brien Declaration" or "O'Brien Decl."), M&O seeks leave to withdraw as counsel of record for Optionable due to its (i) failure to pay M&O's legal bills and (ii) failure to cooperate with M&O concerning certain discovery matters in these cases.

## FACTUAL BACKGROUND

These three related cases were commenced by the filing of Complaints in November 2008 (*CFTC v. Cassidy*), April 2009 (*CMEG NYMEX Holdings Inc. v. Optionable*) and August 2009 (*Bank of Montreal v. Optionable*).  Initially, Optionable was represented by other counsel, Wilmer Hale. Motions to dismiss each of the Complaints were filed by multiple defendants in each of these cases, which motions were denied by the Court in its Memorandum Decision and Order dated June 18, 2010.[1] (O'Brien Decl. ¶ 2). At or about the time of the Court's Memorandum Decision and Order, M&O was retained by Defendant Optionable to substitute as its counsel in all of the pending related cases filed against it. Subsequently, M&O filed answers for Optionable in the three pending cases against the Defendant, and document discovery in most of the cases commenced thereafter. (*Id.* ¶ 3). Document discovery is still ongoing, and no discovery deadline has been set by the Court. (*Id.* ¶ 5).

---

[1] Motions to dismiss certain cross-claims filed by defendant Scott Connor are still pending before the Court. (O'Brien Decl. ¶ 2).

Optionable agreed to pay M&O for billed services rendered in connection with each of the above-captioned litigations. Accordingly, M&O prepared separate monthly invoices for Optionable on each of the pending litigations (and on other unrelated matters) which invoices were sent to Optionable on a monthly basis. Initially, these monthly invoices were paid out of a retainer paid by Optionable to M&O. (O'Brien Decl. ¶ 6).

Beginning in or about May 2011, Optionable failed to pay M&O on the invoices sent to the Defendant. To date, Optionable has an aggregate of $107,524.11 in unpaid legal fees and attendant costs. These invoices do not reflect unbilled work performed on behalf of the Defendant in the month of June 2011. Accordingly, Optionable's unpaid legal fees and costs are in fact higher than the billed amounts. (O'Brien Decl. ¶ 7).

Over the course of the last few months, M&O has met with Optionable several times and conferred with Optionable regularly in a concerted effort to avoid a dispute over outstanding fees and to address Defendant's stated concerns. M&O even made certain accommodations to set aside temporarily the amount of fees in dispute by Optionable, until such matter could be resolved. Notwithstanding these efforts and accommodations, Optionable has failed to pay M&O's outstanding legal fees and costs. Upon information and belief, Optionable has the ability to pay M&O's outstanding invoices but simply refuses to do so. (O'Brien Decl. ¶ 8).

Moreover, Optionable has failed to cooperate with M&O with regard to certain discovery matters, thereby making it impossible for M&O to continue to meet its obligations under the Federal Rules of Civil Procedure and as officers of the Court. (O'Brien Decl. ¶ 9). Finally, M&O likely will become adverse to the Defendant. In order to recover outstanding fees, M&O may be forced to assert a retaining lien on Optionable's files and/or take legal action against the

Defendant. Therefore, an irreconcilable conflict has arisen between Optionable and M&O as a result of the foregoing. (*Id.* ¶ 10).

## ARGUMENT

I.   **M&O's Withdrawal as Counsel is Proper in these Cases**

Under Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules"):

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

As is demonstrated below and in the accompanying O'Brien Declaration, M&O has met the threshold requirements for withdrawal as counsel without a resulting prejudice to the Defendant.

A.   **M&O Has Shown Satisfactory Reasons for Withdrawal**

Optionable's deliberate disregard of its financial obligations to M&O and the resulting conflict of interest in these cases justifies M&O's withdrawal as counsel of record. It is well settled law that non-payment of attorneys' fees constitutes sufficient grounds for withdrawal as counsel. *See, e.g., United States v. Parker,* 439 F.3d 81, 104 (2d Cir. 2006) ("A client's refusal to pay attorney's fees may constitute 'good cause' to withdraw"); *Blue Angel Films, Ltd. v. First Look Studios, Inc.,* No. 08 Civ. 6469, 2011 WL 672245, at *1 (SDNY Feb. 17, 2011) ("Although there is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason"); *Beshansky v. First Nat'l Entertainment Corp.,* 140 F.R.D. 272, 274 (SDNY 1990) citing *Farr Man Coffee, Inc. v. M/S Bernhard S,* 1989 WL 31529, at *1 (SDNY 1989) ("It hardly needs

saying that a client's refusal to pay the attorney or cooperate with the attorney is a satisfactory reason for allowing the attorney to withdraw"). New York's Rules of Professional Conduct likewise permits a lawyer's withdrawal from representation when the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees. *See* Rule 1.16(c)(5). *See United States v. Stein,* 488 F.Supp.2d 370, 374 (SDNY 2007) ("Certainly a solvent client who simply elects not to pay an obligation to an attorney deliberately disregards that obligation"); *accord, Boyle v. Revici,* No. 83 Civ. 8997 (MJL), 1987 WL 28707, at *1 (SDNY Dec. 16, 1987).

It also has been held that a Court should not require counsel to represent a client *pro bono. HCC, Inc.,* v. *RH&M Mach. Co.*, No. Civ. 492 (PKL), 1998 WL 411313, at *1 (SDNY July 20, 1998) (in granting withdrawal motion for corporate defendant's failure to pay attorneys' fees, the court stated that it would not "impose on counsel an obligation to continue representing [corporate] defendants *pro bono*"). If M&O is required to remain as counsel to Optionable in each of these cases, M&O will be forced to compel payment of its outstanding and newly incurred fees and costs through litigation. Such a conflict between counsel and its clients is untenable.

### B. Withdrawing at this Stage of the Litigations Would Minimize any Prejudice to the Defendant

Local Civil Rule 1.4 also directs the Court to consider the "posture of the case, including the position, if any, on the calendar." Due to motions to dismiss the various Complaints, document productions in half of the related litigations did not begin until December 2010 or thereafter. (O'Brien Decl. ¶ 5). On April 20, 2010, this Court ordered a limited stay of all discovery involving depositions and interrogatories in these cases pending the disposition of a related case, *United States v. Kevin Cassidy*, 08 Cr. 1101 (TPG). The *Cassidy* case is currently

scheduled to commence trial in August 2011. (*Id.* ¶ 4). Although the exchange of document discovery is underway, it has not been completed in any of the cases. Since fact discovery has not been completed, these cases are in a relatively early stage of the litigations. Depositions and interrogatories may not be scheduled until the disposition of the *Cassidy* case. No deadlines for expert discovery have been set. No schedule for briefing summary judgment motions has been set. Accordingly, no dates for trials in these cases have been set. The next calendared event is a status conference before this Court scheduled for September 7, 2011. (*Id.* ¶ 5).

Because these cases are at such early stages of the litigations at present, Optionable will not be prejudiced by having to find substitute counsel. "Where discovery in a case has not yet closed and the case is not 'on the verge of trial readiness,' prejudice is unlikely to be found." *Karimian v. Time Equities, Inc.,* No. 10 Civ. 3773 (AKH)(JCF), 2011 WL 1900092, at *3 (SDNY May 11, 2011) quoting *Blue Angel Films, Ltd. v. First Look Studios, Inc.,* No. 08 Civ. 6469, 2011 WL 672245 (DAB)(JCF), at *2 (SDNY Feb. 17, 2011).  Numerous courts have granted motions to withdraw as counsel at even later stages of a litigation. *See e.g., D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc.,* No. 03 Civ.3038 (RMB), 2006 WL 1676485, at * 1-2 (SDNY June 16, 2006) (granting motion to withdraw where discovery was complete and trial was months away); *Promotica of Am., Inc. v. Jonson Grossfield, Inc.,* No. 98 Civ. 7414 (AJP), 2000 WL 424184, at *1-2 (SDNY April 18, 2000) (granting motion to withdraw where discovery was closed and case was ready for trial).

Moreover, M&O is a small firm comprised of less than fifteen attorneys. The firm already has accumulated $107,524.11 in fees and costs, which remain outstanding, from its representation of the Defendant. None of the above-captioned litigations is likely to go to trial before the year 2012. To require M&O to continue to represent Optionable without being paid

for the remainder of these litigations will result in an unreasonable financial hardship to M&O. (O'Brien Decl. ¶ 11).

## CONCLUSION

For the foregoing reasons, and McCormick & O'Brien, LLP respectfully requests that the Court enter an order granting M&O permission to withdraw from its representation of Optionable in the above-captioned litigations, and for such further relief as the Court deems just, equitable and proper.

Dated: New York, New York
June 27, 2011

Respectfully submitted,

**McCormick & O'Brien, LLP**

By: /s/ Marni Rae Robin
Liam O'Brien, Esq. (LO-3930)
Marni Rae Robin (MR-3461)
Christopher L. Van De Water (CLV-6588)
9 East 40th Street, 4th Floor
New York, New York 10016
Tel: (212) 286-4471
Fax: (212) 504-9574
lobrien@mcoblaw.com
mrobin@mcoblaw.com
cvandewater@mcoblaw.com

*Attorneys for Defendants Optionable, Inc. and Edward J. O'Connor*