USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/21/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BANK OF MONTREAL,

     Plaintiff,

 -against-

OPTIONABLE, INC., MF GLOBAL, INC.,
KEVIN CASSIDY, EDWARD O'CONNOR,
MARK NORDLICHT, RYAN WOODGATE,
SCOTT CONNOR, and JOSEPH SAAB,

     Defendants.
------------------------------------------------------------X

MEMORANDUM ORDER

09 Civ. 7557 (GBD) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

 The current dispute before the Court arises out of the posting on Optionable's website of a press release that contained certain comments made by plaintiff Bank of Montreal's chief executive officer. The comments came from an email that had been produced by BMO in discovery and designated as "confidential" under the Confidentiality Stipulation and Order (the "Confidentiality Order") in this action (Dkt. No. 119). BMO originally alleged that Optionable and Mark Nordlicht (collectively, "Defendants") had violated the Confidentiality Order by posting the comments publicly despite the fact that they had been part of a document that BMO had designated as "confidential" during discovery. BMO sought sanctions (including contempt) for this conduct. After two telephone conferences with the Court and several letters, Defendants have now revealed that they obtained the email from a source separate from, and independent of, BMO's production in this action. Specifically, they have stated that they acquired the email from criminal defense counsel for Kevin Cassidy, a defendant in this lawsuit who was separately prosecuted by the Department of Justice in a related criminal action. According to Defendants,

1

USDC SDNY
DATE SCANNED 10/21/13

the email had been furnished to Cassidy's attorney by the Government without restriction and Cassidy's criminal counsel voluntarily provided the document to them.

Defendants contend that given the means by which they obtained the email in question, they have not violated the Confidentiality Order. Citing the Supreme Court's decision in *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984), Defendants claim that a protective order may restrict a party "from disseminating only that information obtained through the use of the discovery process." In addition, they argue that a protective order may not restrict the dissemination of information obtained from independent sources if it is to be consistent with (and not "offend") the First Amendment. *Id.* at 37. For these reasons, they claim that BMO may not block dissemination of the email through reliance on the Confidentiality Order.

BMO takes a different view. In its October 9 letter to the Court, it contends that "[t]his use of criminal discovery is inconsistent with the limited purposes for which the Government made production to Cassidy, threatens to injure the statutorily protected privacy and dignity interest of BMO as the victim of Cassidy's admitted criminal conduct, and undermines the Confidentiality . . . Order in this action." Accordingly, BMO requests that the Court extend the Confidentiality Order so that BMO documents produced to Cassidy or other defendants during discovery in related criminal (or regulatory) proceedings are treated as "confidential" and subject to the same restrictions as confidential documents produced by the parties in this action.[1] Specifically, BMO seeks "an order that documents produced to Cassidy or any other defendants by any of the governmental or regulatory entities to which BMO made production are [c]onfidential and subject to the Confidentiality Order entered in this action." It argues that the

---

[1]     BMO has withdrawn its application for contempt and other sanctions against Defendants as a result of the revelation that the source of the email was Cassidy's criminal counsel, and seeks only prospective relief.

2

Court has authority to enter such an order under Rule 26(c) of the Federal Rules of Civil Procedure, which allows a court to enter an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." It also cites to the Crime Victims' Rights Act, 18 U.S.C. § 3771, which requires crime victims such as BMO to be "treated with fairness and with respect for [their] dignity and privacy."[2] Furthermore, it claims that "good cause" exists to enter an order extending the Confidentiality Order because the use to which information provided by BMO for the Government's prosecution of Cassidy is one for which criminal discovery is not intended.[3]

It is well-settled that a Rule 26 protective order is appropriate "only when a document is obtained through the discovery process. Rule 26 does not apply to documents obtained by other means." *Shanahan v. Vallat*, No. 03 Civ. 3496 (PAC), 2006 WL 3317018, at *1 (S.D.N.Y. Nov. 15, 2006) (citing *Bridge C.A.T. Scan Assocs. v. Technicare*, 710 F.2d 940, 946 (2d Cir. 1983)); *Fayemi v. Hambrecht & Quist, Inc.* 174 F.R.D. 319, 323 (S.D.N.Y. 1997) (court does not have power under Rule 26 to "limit[] the use of evidence obtained outside of discovery"). As the Supreme Court ruled in *Seattle Times*, "where . . . a protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery, and *does not restrict the dissemination of the information if gained from other sources*, it does not

---

[2]   BMO is considered a crime victim as a result of Cassidy's guilty plea and the order of restitution against him, which required him to make restitution to BMO for more than $8.6 million. *See* BMO's October 9 Letter, at 2, n.1.

[3]   BMO suggests (in a footnote) that the Court can recommend to Judge Griesa, who presided over Cassidy's criminal case, that "good cause" warrants that a protective order be entered in that action. BMO cites no authority for this suggestion, and the Court does not believe it has any authority to recommend to a district judge handling a criminal case that has already resulted in a guilty plea and sentence to enter a post-conviction protective order. Of course, BMO is free to make an application directly to Judge Griesa.

offend the First Amendment." 467 U.S. at 37 (emphasis added). Thus, contrary to BMO's arguments, Rule 26(c) provides no authority for the issuance (or extension) of a protective order so as to regulate the use of information or documents gained through means independent of discovery in the current proceeding.

Here, it is undisputed that BMO provided the email in question to the Government, which then produced it to Cassidy in his criminal case. Cassidy's attorneys, in turn, have disclosed the email to Defendants' counsel for use in this action. There was no prohibition on their doing so, as no protective order was entered in the criminal case against Cassidy. While BMO is understandably frustrated that comments from the email were placed in the public domain after it had thought that the document from which the comments were derived was subject to the Confidentiality Order, it is without a remedy given that the Court cannot issue (or extend) a protective order with respect to information that was obtained through means other than the Court's discovery processes.

Accordingly, BMO's request to extend the Confidentiality Order is denied and the Court's temporary order (entered orally on consent) that had directed the removal of the press release from Optionable's website is hereby vacated.[4]

**SO ORDERED.**

Dated: New York, New York
       October 21, 2013

/s/ James L. Cott
JAMES L. COTT
United States Magistrate Judge

---

[4] Given the Court's decision, it does not reach the separate issue as to whether the email in question was properly designated as "confidential" in the first place.