UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

BANK OF MONTREAL,

                Plaintiff,                  No. 09-CV-7557 (GBD) (JLC)

       - against -

OPTIONABLE, INC., MF GLOBAL INC.,
KEVIN P. CASSIDY, EDWARD J.
O'CONNOR, MARK A. NORDLICHT,
RYAN B. WOODGATE, SCOTT
CONNOR and JOSEPH D. SAAB,

                Defendants.

-----------------------------------------------------------x

## DECLARATION OF WILLIAM A. DOWNE

      WILLIAM A. DOWNE, pursuant to 28 U.S.C. § 1746, declares as follows:

      1.     I submit this declaration to explain facts related to the request for my deposition that has been made by certain defendants in the litigation captioned *Bank of Montreal v. Optionable, Inc., et al.*, No. 09-CV-7557 (GBD) (JLC) (the "Litigation"). I have personal knowledge of the facts stated in this declaration.

      2.     Since March 1, 2007, I have been President and Chief Executive Officer of Bank of Montreal ("BMO"). In this role, I am ultimately responsible for the management and oversight of all of BMO's complex operations. Working with BMO's board of directors and other members of the executive management team, I am responsible for directing the bank's overall strategy.

      3.     BMO is the eighth largest bank in North America by total assets as at July 31, 2012. It employs approximately 46,000 individuals and serves more than 12 million

customers. It has operations around the world and provides a broad range of retail banking, wealth management, and investment banking products and services.

4. My responsibilities as BMO's President and CEO require my full attention. My schedule is exceedingly busy, and I make all efforts to ensure that it is managed in a manner that allows me to maximize the time I spend carrying out my duties and responsibilities for the benefit of BMO's shareholders, employees, customers, and clients.

5. Counsel has advised me that my deposition is being sought in connection with the Litigation. If I am required to testify at a deposition, BMO's operations and affairs will be disrupted, because the time and attention that I will be required to devote to the preparation for, and attendance at, the deposition (including travel from and to my home in Toronto) will distract me significantly from the duties and responsibilities described above. In my role as President and CEO, I am charged with a number of duties and responsibilities that cannot be performed by, or delegated to, other bank employees.

6. I am aware of the Litigation as a result of conversations with counsel. I have been briefed regarding the Litigation at various points, including before it was filed and since then. To the best of my recollection, all of these briefings were either conducted by counsel or conducted by others in the presence of counsel and for the purpose of seeking or receiving legal advice.

7. I am aware that the subject matter of this Litigation was also the subject of investigations by various governmental and regulatory entities. I have been briefed regarding the status of those investigations at various points, and to the best of my recollection, all such briefings were either conducted by counsel or conducted by others in the presence of counsel and for the purpose of seeking or receiving legal advice.

2

8. Prior to serving as BMO's President and CEO, I was BMO's Chief Operating Officer (from March 2006 until March 1, 2007) and, before that, the CEO of BMO Nesbitt Burns (beginning in 2001). BMO Nesbitt Burns is a fully integrated Canadian investment dealer.

9. The information I have concerning the subject matter of the Litigation – including the information that I obtained while President and CEO and in my earlier roles within BMO – was obtained from others, including lawyers, lower-level BMO employees, and individuals outside of the bank.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 23, 2013 in Toronto, Ontario, Canada.

_____
William A. Downe