UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                       :

BANK OF MONTREAL,                         :

                           Plaintiff,     :

                                         :     No. 09-CV-7557 (GBD) (JLC)

            - against -          :

                                       :

OPTIONABLE, INC., MF GLOBAL INC.,     :
KEVIN P. CASSIDY, EDWARD J. O'CONNOR,  :
MARK A. NORDLICHT, RYAN B. WOODGATE,  :
SCOTT CONNOR and JOSEPH D. SAAB,    :

                                       :

                       Defendants.     :

                                       :
-----------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BANK OF MONTREAL'S MOTION TO DISMISS ITS CLAIMS AGAINST DEFENDANT KEVIN P. CASSIDY WITHOUT PREJUDICE

 

FRIEDMAN KAPLAN SEILER &
  ADELMAN LLP
7 Times Square
New York, NY  10036-6516
(212) 833-1100

*Attorneys for Plaintiff Bank of Montreal*

November 20, 2013

## <u>TABLE OF CONTENTS</u>

*Page*

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 4

CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

*Page(s)*

**CASES**

*Ascentive, LLC v. Opinion Corp.*,
   No. 10-CV-4433, 2012 WL 1569573 (E.D.N.Y. May 3, 2012) ...........................................5, 7

*Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*,
   No. 01-CV-9649, 2006 WL 3456521 (S.D.N.Y. Nov. 30, 2006).............................................5

*Camilli v. Grimes*,
   436 F.3d 120 (2d Cir. 2006)...................................................................................................4

*Cone v. W. Va. Pulp & Paper Co.*,
   330 U.S. 212 (1947)...............................................................................................................4

*D'Alto v. Dahon Cal., Inc.*,
   100 F.3d 281 (2d Cir. 1996)...................................................................................................4

*Gap, Inc. v. Stone Int'l Trading, Inc.*,
   169 F.R.D. 584 (S.D.N.Y. 1997) ..........................................................................................4

*BD ex rel. Jean Doe v. DeBuono*,
   193 F.R.D. 117 (S.D.N.Y. 2000) ..........................................................................................7

*Jones v. SEC*,
   298 U.S. 1 (1936)................................................................................................................3, 4

*Mondejar v. Dow Chemical Co.*,
   No. 97-CV-62, 1998 WL 812577 (E.D.N.Y. Apr. 29, 1998) ..................................................6

*Pacific Elec. Wire & Cable Co., Ltd. v. Set Top Intern., Inc.*,
   No. 03-CV-9623, 2005 WL 578916 (S.D.N.Y. Mar. 11, 2005) ..............................................6

*SEC v. Oakford Corp.*,
   181 F.R.D. 269 (S.D.N.Y. 1998) ..........................................................................................6

*In re Solv-Ex Corp. Sec. Litig.*,
   62 F. App'x 396 (2d Cir. 2003) ............................................................................................7

*Staten Island Terminal, LLC v. Elberg*,
   No. 11-CV-3262, 2012 WL 1887126 (E.D.N.Y. May 23, 2012) ........................................6, 7

*Zagano v. Fordham Univ.*,
   900 F.2d 12 (2d Cir.1990)..................................................................................................5, 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 41(a)(2) ...................................................................................... *passim*

Bank of Montreal ("BMO" or the "Bank") respectfully submits this memorandum of law in support of its motion pursuant to Rule 41(a)(2) for an order dismissing its claims against defendant Kevin P. Cassidy without prejudice.

## INTRODUCTION

BMO has agreed in principle to settle its claims against every defendant except Cassidy.  As for Cassidy, he is already obligated in his criminal case to pay BMO more than $8.6 million in restitution for his admitted fraud against the Bank, an amount that he claims far exceeds his ability to pay.  Thus, any jury verdict against him in this civil litigation would offer BMO no economic benefit.  For this reason only, and in light of the anticipated legal costs that BMO would incur in obtaining a jury verdict against him, BMO has determined that it will voluntarily dismiss its claims against Cassidy.  The Court of Appeals and numerous district courts in this Circuit have held that a defendant's impecuniousness is a reasonable and appropriate basis to grant a Rule 41(a)(2) motion to voluntarily dismiss without prejudice.  Accordingly, BMO respectfully requests that the Court enter an Order dismissing its claims against Cassidy without prejudice.

## BACKGROUND

BMO filed this action on August 28, 2009, naming as defendants two brokerages – Optionable, Inc. ("Optionable") and MF Global Inc. ("MF Global") – and six individuals employed by or affiliated with those brokerages, including Cassidy, the former CEO of Optionable.  The Complaint (Doc. 1) alleges that Cassidy conspired with BMO's head natural gas trader, David P. Lee, to hide large losses in BMO's natural gas options trading book.  To carry out this fraud, Cassidy (among other things) provided price quotations to BMO for use in the Bank's "independent price verification," or "IPV," process.  Although Cassidy knew that BMO required independent price quotations for the IPV process – so that it could compare

independent prices to the prices that Lee had recorded in his trading book – Cassidy instead

supplied the Bank with prices that Lee had given him, thus subverting the IPV process and

preventing BMO from discovering the mounting losses in Lee's trading book.  After BMO

discovered this fraud, it revalued its natural gas options trading book using truly independent

data.  The revaluation led the bank to announce a CDN$680 million pre-tax loss, and the

subsequent filing of this lawsuit against Cassidy and others.

      Cassidy has admitted his role in the fraud against BMO.  In the criminal action

brought against him by the Department of Justice, he pled guilty to conspiracy to commit wire

fraud based on his dealings with BMO.  Judgment, *United States v. Cassidy*, No. 08-CR-1101

(S.D.N.Y. Apr. 26, 2012) (Ex. 1)[1].  During his allocution before Judge Griesa, Cassidy

acknowledged:

> Although I understood that BMO's risk management department wanted quotes
> that were not contributed to RealMarks by Lee and felt it was an important factor,
> I did not tell the risk management department that many of the quotes had
> originated with Lee.  I knew this was wrong at the time.

*United States v. Cassidy,* Plea Hrg. Tr. at 10:12-17 (Aug. 15, 2011) (Ex. 2).  Likewise, in his

deposition in this action, Cassidy acknowledged that his scheme with Lee "was a fraud on Bank

of Montreal."  (Cassidy Dep. Tr. 31:11-19 (Ex. 3).)

      Judge Griesa sentenced Cassidy to 30 months in prison (Ex. 1).  Cassidy also

entered into a Consent Order of Forfeiture, requiring him to pay $200,000 to the Government

within eighteen months of his release.  (Consent Order of Forfeiture, *United States v. Cassidy*

(Apr. 27, 2012) (Ex. 4).)

---

[1] The exhibits cited in this memorandum are attached to the Declaration of Timothy M.
Haggerty submitted herewith.

2

In addition, following briefing and a series of hearings, Judge Griesa ordered Cassidy to pay $8.6 million in restitution to BMO pursuant to the Mandatory Victims Restitution Act.  (Order of Restitution, *United States v. Cassidy* (May 20, 2013) (Ex. 5), *appeal pending*, No. 13-2185-CR (2d Cir.).)  The $8.6 million consists of brokerage commissions that BMO paid to Optionable during the period that Cassidy admitted to defrauding BMO, as well as incentive compensation that BMO paid to Lee during that period.  During the hearing at which Judge Griesa awarded this restitution to BMO, Cassidy's counsel stated that his client "does not have $8 million. . . . [H]e has a negative net worth."  (*United States v. Cassidy,* Restitution Hrg. Tr. at 25 (Oct. 16, 2012) (Ex. 6).  At Cassidy's request, the restitution order sets an installment schedule for Cassidy's payments to BMO.[2]

Last week, BMO reached a settlement in principle with defendants Optionable, Edward J. O'Connor, Mark A. Nordlicht, and Scott Connor (the "Settling Optionable Defendants").  In late October, it reached a settlement in principle with defendant Joseph Saab and the MF Global bankruptcy estate.  BMO anticipates that it and these settling defendants will jointly move for orders dismissing the claims against them upon the execution of final settlement documentation and the consummation of the settlements.[3]

---

[2] In addition to this action and the criminal proceeding, Cassidy was also named as a defendant in related actions brought by the Securities and Exchange Commission ("SEC"), the Commodity Futures Trading Commission ("CFTC"), and CMEG NYMEX Inc. ("NYMEX").  In the *SEC* action, Cassidy has consented to the entry of judgment against him as to liability, (Judgment and Injunction, *SEC v. Lee*, No. 08-CV-9961 (S.D.N.Y. filed April 18, 2012) (Ex. 7)), and the case remains pending as to penalties.  In the *CFTC* action, this Court imposed a $1 million civil monetary penalty against Cassidy.  (Order Imposing Civil Monetary Penalty, *CFTC v. Cassidy*, No. 08-CV-9962 (S.D.N.Y. May 28, 2013) (Ex. 8).)  Cassidy has settled with NYMEX on undisclosed terms.  (*See* Stipulation and Order of Dismissal, *CMEG NYMEX Inc. v. Optionable, Inc.*, No. 09-CV-3677 (S.D.N.Y. Mar. 5, 2013) (Ex. 9).)

[3] BMO had previously dismissed its claims against defendant Ryan Woodgate, and this Court had previously dismissed Optionable's counterclaims against BMO (Doc. 213).

As a result of these settlements, Cassidy is the only defendant who has not agreed with BMO on terms to resolve this litigation.  Two days before the filing of this motion, BMO proposed to Cassidy's counsel that BMO and Cassidy stipulate to the dismissal of BMO's claims against Cassidy without prejudice.  Cassidy's counsel has not responded to BMO's proposal.  BMO accordingly seeks an order from this Court voluntarily dismissing BMO's claims against Cassidy without prejudice pursuant to Rule 41(a)(2).

## **ARGUMENT**

Orders of dismissal under Rule 41(a)(2) are presumptively without prejudice.  Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.").  The Second Circuit has held that departures from this default rule are appropriate only where dismissal with prejudice is necessary to avoid "some plain legal prejudice [to the defendant] other than the mere prospect of a second lawsuit."  *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)); *accord D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (possibility of renewed litigation against defendant does not constitute legal prejudice) (citing *Jones v. SEC*, 298 U.S. 1, 19 (1936)); *Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997) ("the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result").

Courts have pointed to five factors relevant to the determination of whether dismissal with prejudice is required to avoid legal prejudice to the defendant:  "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation

for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir.1990).  Here, each

of these factors weighs in favor of dismissal without prejudice.

   *First*, BMO has brought this motion promptly and without delay.  As soon as it

reached a settlement in principle with the remaining defendants, BMO determined that

continuing this litigation against Cassidy alone would not lead to any economic benefit, and

conferred with Cassidy's counsel regarding the terms of a voluntary dismissal.  Neither BMO

nor Cassidy has conducted any discovery since the settlement in principle with the Settling

Optionable Defendants.  Therefore, Cassidy cannot show that he "expended resources or

otherwise detrimentally relied on a reasonable expectation that the plaintiff would pursue its

remaining claims." *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01-

CV-9649, 2006 WL 3456521, at *4 (S.D.N.Y. Nov. 30, 2006); *see also Ascentive, LLC v.

Opinion Corp.*, No. 10-CV-4433, 2012 WL 1569573, at *4 (E.D.N.Y. May 3, 2012) ("measure

of diligence is whether a plaintiff moved to dismiss the complaint without prejudice within a

reasonable period of time after the occurrence of the event that led to the plaintiff's decision not

to pursue the action").

   *Second*, neither BMO's motion nor its conduct in this litigation suggests "undue

vexatiousness."  For the purposes of Rule 41(a)(2), "undue vexatiousness" requires a finding of

"ill motive." *Banco Cent. De Paraguay*, 2006 WL 3456521, at *5.  BMO's motive in this

litigation as against Cassidy has always been to recover the damages caused by his admitted

fraud against the Bank, and it underwent the burden of producing more than 5 million pages of

documents to support its entitlement to that recovery.  The bona fide basis for this litigation is

borne out by Cassidy's guilty plea – and subsequent prison sentence and restitution obligation –

arising out of his fraud on the Bank.  These circumstances lack any resemblance to the instances

in which courts have found "undue vexatiousness" and "ill motive" sufficient to deny a motion for voluntary dismissal without prejudice.  *See, e.g., SEC v. Oakford Corp.*, 181 F.R.D. 269, 271 (S.D.N.Y. 1998) (plaintiff sought "the advantage of filing its charges without having to support them"); *Mondejar v. Dow Chemical Co.*, No. 97-CV-62, 1998 WL 812577, at *3 (E.D.N.Y. Apr. 29, 1998) (plaintiff filed duplicative actions relating to the same injury); *Pacific Elec. Wire & Cable Co., Ltd. v. Set Top Intern., Inc.*, No. 03-CV-9623, 2005 WL 578916, at *5 (S.D.N.Y. Mar. 11, 2005) (plaintiff assured the court it would proceed with its claims only to later "go back on their word" and seek dismissal).

 *Third*, this litigation has not progressed to a point that dismissal without prejudice would be unjust in light of Cassidy's expenditures or "efforts and expense in preparation for trial."  *Zagano*, 900 F.2d at 14.  Cassidy has not taken a single deposition, and expert discovery has not begun.  Summary judgment briefing has not been scheduled, much less completed. Although Cassidy has been deposed, produced documents, and attended depositions taken by others, this (except for one deposition) would likely have occurred even absent the *BMO* case, given Cassidy's status as a defendant in three other civil litigations (those brought by the SEC, CFTC, and NYMEX) in which discovery has been coordinated.  Thus, Cassidy cannot show that he has incurred expenses or undertaken efforts of such a substantial and costly nature that dismissal with prejudice is required.  *See Staten Island Terminal, LLC v. Elberg*, No. 11-CV-3262, 2012 WL 1887126, at *4 (E.D.N.Y. May 23, 2012) (collecting cases where voluntary dismissal without prejudice was granted where discovery remained incomplete and no trial date was set).

 *Fourth*, any "duplicative costs" of subsequent litigation between BMO and Cassidy would be minimal given the status of this action and the likely similarity of any

subsequent action.  Courts routinely observe that parties to refiled cases can avoid duplicative costs by using work product from the earlier dismissed actions.  *See, e.g., id.* ("If [plaintiff] again files suit against [defendant] on these straightforward facts and allegations, [defendant] will almost certainly be able to use what work has been completed in this action to defend any subsequent suit.").  Therefore, Cassidy would not be prejudiced by "duplicative costs" in defending a later suit, if any.

*Fifth*, BMO's economic decision to dismiss its claims against Cassidy is a sufficient and appropriate basis for a dismissal without prejudice.  The Second Circuit has found a defendant's "inability to satisfy any judgment entered" to be an "entirely reasonable" explanation for dismissal without prejudice.  *In re Solv-Ex Corp. Sec. Litig.*, 62 F. App'x 396, 398 (2d Cir. 2003).  That is exactly the circumstance here, where BMO is already entitled to restitution from Cassidy in an amount that he has claimed far exceeds his ability to pay.  Therefore, it is reasonable for BMO to decline to incur the costs of obtaining a judgment that Cassidy will be unable to satisfy.  *See, e.g., Staten Island Terminal*, 2012 WL 1887126, at *5 (finding defendant's impecuniousness reasonable basis for dismissal without prejudice); *Ascentive*, 2012 WL 1569573, at *6 ("[plaintiff] seeks to dismiss simply because it is no longer in its economic interests to proceed with its claims. This explanation is perfectly reasonable.") (collecting cases).

Accordingly, each of the five *Zagano* factors weighs in favor of dismissal without prejudice.  Such a dismissal would not prejudice Cassidy; at most it would allow BMO to refile its case against him, and it is black-letter law that such an allowance is not a legal prejudice, but rather the presumptive and default outcome.  *See, e.g., BD ex rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 124-25 (S.D.N.Y. 2000) ("[T]he possibility that a dismissed plaintiff will refile her

action cannot be deemed 'substantial prejudice.'  Otherwise, no action could ever be dismissed

without prejudice.") (internal citation omitted).

## <u>CONCLUSION</u>

For the foregoing reasons, BMO respectfully requests that the Court enter an

Order pursuant to Rule 41(a)(2) dismissing its claims against Cassidy without prejudice.

Dated:   New York, New York
         November 20, 2013

Respectfully submitted,

FRIEDMAN KAPLAN SEILER &
  ADELMAN LLP


s/ Timothy M. Haggerty
Robert J. Lack
Anne E. Beaumont
Timothy M. Haggerty (thaggerty@fklaw.com)
Yitzchak E. Soloveichik
7 Times Square
New York, NY 10036-6516
(212) 833-1100

*Attorneys for Plaintiff Bank of Montreal*