## FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
RICHARD M. HOFFMAN
SCOTT M. BERMAN
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG
JEFFREY C. FOURMAUX
JASON C. RUBINSTEIN
MICHAEL A. GORDON

7 TIMES SQUARE
NEW YORK, NY 10036-6516

TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250
WWW.FKLAW.COM

WRITER'S DIRECT DIAL
973-877-6451

WRITER'S DIRECT FAX
212-373-7951

E-MAIL
THAGGERTY@FKLAW.COM

NORMAN ALPERT
ASAF REINDEL
    COUNSEL

ROBERT S. LANDY
STEVEN E. FRANKEL
L. REID SKIBELL
DANIEL R. GREENBERG
TIMOTHY M. HAGGERTY
CHRISTOPHER M. COLORADO
CHRISTOPHER L. McCALL
YITZCHAK E. SOLOVEICHIK
PEARLINE M. HONG
ERIC J. FINKELSTEIN
JENNIFER A. MUSTES
EMILY L. CHANG
ANDREW M. ENGLANDER
CHARLES E. ENLOE
ALEXANDER D. LEVI
ELIZABETH S. LOSEY
SARAH F. FOLEY
JAMUNA D. KELLEY
RAINA L. NORTICK
MICHAEL S. PALMIERI
TANVIR VAHORA
NORA BOJAR
KEVIN J. LIN
ANDREW C. KOSTIC

December 2, 2013

BY ECF AND FACSIMILE

The Honorable George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

   Re: *Bank of Montreal v. Optionable, Inc.*, et al., 09-CV-7557 (GBD) (JLC)

Dear Judge Daniels:

   This firm represents plaintiff Bank of Montreal ("BMO") in the above-captioned action. We write regarding BMO's objections to Magistrate Judge Cott's ruling denying BMO's application to extend the protective order entered in this action (the "Objections"), which are currently pending before Your Honor.

   By letter dated November 27, 2013, Lawrence R. Gelber, counsel to defendant Kevin P. Cassidy, suggested that BMO's Objections were mooted by BMO's settlement with Optionable, Inc., Mark Nordlicht, and certain other defendants. This was incorrect. BMO continues to seek the relief requested in the Objections, and respectfully requests that the Court rule on them as soon as practicable. Indeed, the need for the relief sought by the Objections was underscored by an ECF filing Cassidy made less than two hours before he submitted his letter to Your Honor. In that filing (Docs. 250-52), which is currently publicly accessible on the Court's ECF system, Cassidy included a dozen documents that BMO produced to the Government as a cooperating victim during the

2883756.4

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

The Honorable George B. Daniels     - 2 -     December 2, 2013

investigation that led to Cassidy's conviction for conspiracy to commit wire fraud. It appears that Cassidy received the documents from the Government during criminal discovery and they are, thus, the very subject of the relief sought by the Objections.

      Mr. Gelber's November 27 letter also requested an opportunity to oppose BMO's Objections. BMO opposes that request because Mr. Gelber and his client already had an opportunity to oppose the Objections but failed to timely file any opposition papers. The deadline for opposition to the Objections was November 18, 2013, and while that deadline was extended to November 27, 2013 as to defendants Optionable and Nordlicht, it was not extended as to Cassidy or any other defendant. (*See* Stipulation and Order (Doc. 246)). Thus, Cassidy's opposition to BMO's Objections was overdue by more than a week by the time he made his request to the Court. He should not be relieved of the consequences of that delinquency.

      No defendants filed any timely opposition to the Objections. By letter dated November 26, 2013 from Michael E. Norton, defendants Optionable and Nordlicht advised the Court that, as a consequence of a pending settlement among BMO, Optionable, Nordlicht, and certain other defendants, they will not be submitting any papers opposing the Objections. Although there is a pending settlement among these defendants, it is not accurate, as stated in Mr. Norton's letter, that BMO's settlement with these defendants "terminates this action." BMO has settled with some, but not all, of the defendants. In addition, the formal dismissal of this action against each of the defendants has not yet occurred, and, in the case of Cassidy, is being litigated.

      For these reasons, and the reasons set forth in the Objections, BMO maintains its request for an extension of the protective order entered in this action.

Respectfully,

*[signature]*

Timothy M. Haggerty

cc:    Counsel of Record (by ECF) and *Pro Se* Defendant (by e-mail)