# LAWRENCE R. GELBER
### ATTORNEY AT LAW

THE VANDERBILT PLAZA
34 PLAZA STREET – SUITE 1107
BROOKLYN, NEW YORK 11238

Phone: (718) 638 2383　　　　　　　　　　　　　　　　　　Fax:  (718) 857 9339
GelberLaw@aol.com　　　　　　　　　　　　　　　　　　　Cell: (917) 992 3596
www.GelberLaw.net

Monday, December 02, 2013

<u>By ECF and facsimile 212 805 6737</u>
Hon. George B. Daniels
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street – Room 630
New York, New York 10007-1312

　　　　　　　　　Re:　*Bank of Montreal v. Optionable, Inc., et al.*
　　　　　　　　　　　<u>Case No. 09 CV 7557 (GBD)(JLC)</u>

Dear Judge Daniels:

　　　I represent Kevin Cassidy (Cassidy). I respond to Plaintiff Bank of Montreal's (BMO) ECF-filed letter to the Court today.

　　　BMO is correct insofar as I wrote in my November 27, 2013 correspondence: "*if the Court does not treat their settlement as mooting BMO's motion, Cassidy would like an opportunity to oppose it.*"

　　　However, I used the word "motion" loosely; BMO has not filed a formal motion. It filed an "objection", under seal, to a ruling by Magistrate Judge Cott. Cassidy was not directly involved in the dispute argued before Magistrate Judge Cott by BMO and the other defendants (with whom BMO has now settled). Cassidy was not part of the November 12, 2013 "Stipulation and Order" (scheduling order) signed by counsel for BMO and the now-settled defendants Optionable, Inc., and Mark Nordlicht.

　　　Magistrate Judge Cott's ruling rejected BMO's effort to extend the reach of Rule 26. Essentially, BMO seeks to keep relevant *non-confidential* documents from view. Cassidy's recently filed opposition to BMO's motion to drop the case "without prejudice", details why BMO's effort is not designed to advance the truth. BMO timed its settlements to coincide with the scheduling order in the hope of obtaining a "default" rejection of Magistrate Judge Cott's analysis and ruling.

  Nobody from BMO's law firm called me or sought to involve me in a "meet and confer" on this aspect of the proceedings.

  Since Cassidy was neither a signatory to the stipulation nor part of the process that led to the scheduling order, and since BMO's transparent strategy to overturn Magistrate Judge Cott's ruling "by default" is repugnant to justice, I respectfully urge the Court, if it does not deem the issue mooted by the settlements, to permit Cassidy to address BMO's "objection".

  Accordingly, I request that I have until December 16, 2013 to submit a response.

  Thank you for your consideration.

Respectfully yours,

Lawrence R. Gelber

cc: All counsel (by electronic mail)