UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
BANK OF MONTREAL,

                Plaintiff,

        -against-

OPTIONABLE, INC., MF GLOBAL INC.,
KEVIN P. CASSIDY, EDWARD J. O'CONNOR,
MARK A. NORDLICHT, RYAN B.
WOODGATE, SCOTT CONNOR, and
JOSEPH D. SAAB,
                Defendants.
------------------------------------- x

FEB 24 2014

MEMORANDUM DECISION
AND ORDER
09 Civ. 7557 (GBD)

GEORGE B. DANIELS, United States District Judge:

Before this Court are Plaintiff Bank of Montreal's objections to Magistrate Judge Cott's October 21, 2013 Memorandum Order. That Order denied Plaintiff's request to extend the parties' Confidentiality Stipulation and Order so that documents given to governmental or regulatory entities by Plaintiff, and thereafter produced by such entities to Defendant Cassidy or other defendants during discovery in related criminal or regulatory proceedings, would be deemed "Confidential" and subject to the same restrictions as Confidential documents produced by the parties in this action. (Order at 2; Objections at 4.) Judge Cott's Order also vacated the Court's temporary order directing the removal of a press release from Defendant Optionable's website. Plaintiff objected to the Order, and Cassidy responded to Plaintiff's objections.[1] The Court heard oral argument on this issue on December 19, 2013.

Under Rule 72(a), a district court reviews a non-dispositive order of a magistrate judge for clear error and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Thomas v. Arn*, 474

---

[1] Defendants Optionable, Nordlicht, and O'Connor notified this Court that they would not respond to Plaintiff's Objections due to the impending settlement of this case. (*See* Ltrs. to the Court dated Nov. 26 and Nov. 27, 2013.)

U.S. 140, 149 (1985). This Court agrees with Magistrate Judge Cott to the extent that he determined that a protective order should not be extended beyond this civil case to information obtained through means other than this Court's discovery process. (Order at 3-4.) However, to the extent that Judge Cott ruled that Plaintiff was "without a remedy" for Defendants' public posting of a confidential press release in violation of the Stipulation, that decision was in error. (Order at 4.) Any information obtained through the discovery process in this case, which was produced pursuant to the terms of the parties' confidentiality agreement, may not be disclosed by the parties in violation of that agreement, even if that information, or some reproduction thereof, is also obtained through an alternate, independent source. Plaintiff's objection to that part of Magistrate Judge Cott's Order denying its request to extend the Stipulation to related proceedings is OVERRULED. Plaintiff's objection to that portion of Magistrate Judge Cott's Order denying confidentiality protection to the press release pursuant to the Stipulation is SUSTAINED.

All parties in this case entered into the Stipulation, which was so ordered by Judge Cott on September 17, 2010. The parties agreed that the Stipulation would govern "all documents . . . produced or disclosed by any Party or non-party in discovery in the above-captioned action . . . , any copies thereof and all information contained therein" and "all information contained in or derived from [those documents] and all copies, transcripts, excerpts, notes and summaries of [those documents]" that were designated "Confidential" pursuant to the protocol in the agreement. (Stipulation ¶¶ 1-2, 4.) The Stipulation expressly prohibits its signatories from disclosing any designated confidential material produced or obtained through the discovery process in this case, except as permitted by the terms of the agreement. (*See* Stipulation ¶¶ 2(b), 3, 7.) Nothing in the Stipulation permits the parties to publicly disclose such material. The Stipulation also provides a protocol for objecting to confidentiality designations. (*Id.* ¶ 5.) All

2

parties to this litigation bound themselves to the terms of the Stipulation through the signatures of their counsel. (*Id.* at 12-13.)

The instant dispute arose out of Defendants' public posting of a press release that was produced to Defendants, in this litigation, as part of a document designated "Confidential" under the Stipulation. (Order at 1.) Defendants argued that their public posting of the press release did not violate the Stipulation because they had obtained another copy of the document from a source external to this litigation, thus situating that copy outside the reach of the Stipulation. (*Id.* at 1-2.) These Defendants later disclosed their source to be Defendant Cassidy's criminal defense attorney, who had received the document from the Government as part of discovery in Mr. Cassidy's related criminal prosecution. (*Id.*)

It is unnecessary to extend the Stipulation to other proceedings in order to provide relief from Defendants' public posting of the press release. A confidentiality agreement is like any other agreement or contract into which parties voluntarily enter and of which they purposefully avail themselves. Irrespective of any rights to which those parties may otherwise be entitled, they bind themselves to the stipulated conduct by entering into such an agreement. *See, e.g., New Falls Corp. v. Lerner*, 579 F. Supp. 2d 282, 292 (D. Conn. 2008) ("Parties choose to contract away rights that would otherwise be afforded to them in consideration for other benefits all the time."), *aff'd*, 352 F. App'x 596 (2d Cir. 2009) (affirming rejection of plaintiff-appellant's choice-of-law argument because agreement between parties provided otherwise). After the parties to this litigation entered into the Stipulation, the agreement itself defined their rights and obligations in this action.

The parties agreed to be bound by the Stipulation, which, by its terms, applies to "all copies" of and "all information contained in or derived from" material produced by a party and designated confidential in this civil action. (Stipulation ¶¶ 1, 2.) The Stipulation does not permit

3

those parties to publicly disclose designated confidential documents, or any information therein, produced in response to a discovery request in this case. Defendants requested and obtained the press release from Plaintiff during the discovery phase of this action. Plaintiff designated the document confidential, and Defendants did not challenge that designation. (Objections at 2.) On these facts, Defendants' *agreement* not to disclose any copies of the document – or information contained therein – controls, regardless of the source from which any additional copies of the press release were obtained. No Defendant, including Optionable, Nordlicht, and Cassidy, was at liberty to post a copy of the press release on a public website or otherwise disclose the confidential document in contravention of the terms of the Stipulation.

The Stipulation expressly restricts its signatories from disclosing any designated confidential material produced in this case except as permitted by the terms of the agreement. (Stipulation ¶¶ 2(b), 3, 7.) Defendants Optionable, Nordlicht, and Cassidy are all signatories to the Stipulation. (*Id.* at 12-13.) The copy of the press release at issue here is within the scope of the Stipulation, and the public posting was in violation of the Stipulation.[2] Magistrate Judge Cott's determination that Plaintiff was "without a remedy" for Optionable's disclosure of a copy

---

[2] This Court agrees with Magistrate Judge Cott that the scope and application of a court-imposed protective order may warrant different treatment than does a confidentiality agreement. Absent agreement, a court considering whether to issue a contested protective order may need to assess how such an order would impact the rights of the parties (and non-parties) affected. As these circumstances are not present in this case, this Court need not undertake such an analysis. Notably, the case law relied upon by the parties and Magistrate Judge Cott pertains to situations where, unlike here, no agreement between the parties had been reached. *See, e.g., Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984) (affirming issuance of protective order opposed and appealed from by defendants); *Shanahan v. Vallat*, No. 03-cv-3496, 2006 WL 3317018 (S.D.N.Y. Nov. 15, 2006) (denying protective order opposed by defendants). In fact, the Court in one case repeatedly cited by the parties specifically distinguished a context of agreement or waiver from the facts before it. *Shanahan*, 2006 WL 3317018, at *1 n.1 (excepting one defendant from the Court's protective order analysis because of defendant's implied confidentiality agreement with plaintiff) ("The Court finds that [defendant] has voluntarily undertaken not to disclose or use the Document, and will hold him to that undertaking in these proceedings. The Court therefore does not determine whether [defendant] would be appropriately enjoined from using or disclosing the Document had he opposed [plaintiff's] motion [for a protective order].").

4

of the confidential press release was incorrect; therefore, vacatur of his temporary order directing removal of the press release from Optionable's website was error.[3]

## Conclusion

Plaintiff's objection to that part of Magistrate Judge Cott's October 21, 2013 Order denying its request to extend the Confidentiality Stipulation and Order to documents produced in related proceedings is OVERRULED. Plaintiff's objection to that portion of the Order that vacated the Court's temporary order directing the removal of the press release from Optionable's website is SUSTAINED.

Dated: New York, New York
       February 24, 2014

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[3] Although Judge Cott vacated his temporary order, the parties subsequently agreed to remove and not publicly post the disputed copy of the press release. The parties have since reached a settlement that will resolve all claims in this action. (*See* Joint Motions to Dismiss Plaintiff's Claims, ECF Nos. 262, 266, 268.)